## CHARLES D. SNYDER v. STATE OF OHIO.

AN INDICTMENT WHICH DOES NOT SHOW ANY FALSE MAKING, INSUFFICIENT.

An indictment on an unauthorized order by a village clerk on the treasurer, issued by him as genuine, without personating another, states no offense by the mere averment that he knew it was a false order.

ERROR to Hamilton county Common Pleas.

SMITH, J.

The indictment against the plaintiff in error contained two counts. The first, in substance, charged that on July 19, 1893, at this county, he did falsely make a certain order for the payment of money, of the purport and value following, to wit:

CLERK'S ORDER ON TREASURER, $65.00.

No. ——. ADDYSTON, O., July 19, 1893.

.Treasurer of the village of Addyston, Ohio, pay to county auditor, or order, sixty-five dollars out of the fire fund, for which this shall be your warrant as authorized by ordinance No.——

CHARLES D. SNYDER,
Village Clerk.

With intent thereby to unlawfully defraud, contrary to the form of the statute, etc.

The second count charged that Charles D. Snyder, on July 19, 1893, at the county aforesaid, unlawfully did utter and publish, as true and genuine, a certain false order for the payment of money, which said false order for the payment was of the purport and value, to-wit: (Here follows an exact copy of the above described order) with intent thereby unlawfully to defraud, he, the said Charles D. Snyder, then and there, at the time he so uttered and published said false order for the payment of money, well knowing the same to be false, contrary to the form of the statute, etc.

To this indictment the defendant entered a plea of not guilty, and at the trial he was found not guilty as charged in the first count of the indictment, and guilty as charged in the second count thereof. A motion for a new trial and a motion in arrest of judgment were filed, but both were overruled and exception taken by defendant, who was then sentenced to the penitentiary for a term of three years. A bill of exceptions containing all of the evidence and the charge of the court was allowed, and a petition in error filed to reverse the judgment.

The ground of the motion in arrest of judgment was that the indictment charged no crime, or in the words of the statute providing for such motion, "that the facts stated in the indictment do not constitute an offense."

It will be observed that this indictment simply charges that Charles D. Snyder, the defendant, falsely made the order, a copy of which is set out therein, and did unlawfully utter and publish as true and genuine this false order. There is no averment in the indictment that the Charles D. Snyder, who signed the order, was a different person from Charles D. Snyder, the defendant, or that the latter was not in fact the village clerk of Addyston. On the contrary, it is admitted in argument, and was proved at the trial, that the defendant was the man who signed the order, and that he in fact was then the village clerk, as he assumed to be by his signature, to such order. How, then, does it appear on the face of the indictment that the defendant falsely made this order? It is the claim of the counsel for the state that the evidence shows that the defendant, as

village clerk, had no right to draw the order, because no ordinance had been passed by counsel authorizing him to do so. But how can the evidence offered, without any averment in the indictment of the facts claimed, avail to make good an indictment, which on its face does not aver facts which show the falsity of the order? If the order had been made by the defendant in a name wholly different from his own, and it had been averred in the indictment that the defendant had falsely made it, it is probable that this would be sufficient, for then it would appear that the order was that of another person, which the indictment averred was falsely made by the defendant. Or if it appeared from the indictment that the person who in fact was the village clerk was a person of the same name as the defendant, and that the defendant, with intent to defraud, had made this order, signing it in the name and with the title of the other person, as village clerk, this would be a good indictment for forgery against the person thus making the order, though he in fact used his own name, but under circumstances which would naturally lead to the opinion that he did not intend the act as his own. But in the case at bar, there is no averment in the indictment which shows any false making of the order by the defendant, or even any want of authority on his part as village clerk to issue it. And an indictment can not be held to be good, or to charge an offense, which on its face shows that the instrument claimed to have been falsely issued was the order of the defendant himself, signed as village clerk, when there are no allegations or averments in the indictment that defendant was not the person whose name purports to be signed thereto, or that he was not the village clerk or for some reason was not authorized to issue the order. The absence of those averments is not cured by a simple allegation, somewhat in the nature of a legal conclusion, that defendant falsely made the order. See as to indictment in these cases, *Henry* v. *State*, 85 O. S., 128.

It seems to be the accepted doctrine of the law that a person is not guilty of forgery who makes or issues an instrument, the subject of forgery in the name of another by himself as an agent, though he had in fact no such authority, and does it to defraud. 2 Whar., Crim. Law, 657; 2 Bishop do., sec. 581. Much less should it be so, as a general rule, when he makes it in his own name. The case at bar, it seems to us, is strongly analogous to that of a person who, having no deposits in a bank, or any right to draw a check upon the same expecting it to be paid, does so in is own name. He may intend to defraud the bank, or may transfer it to a third person to defraud him, but this is not forgery. And yet we think that it must be conceded that the authorities hold that a person in certain cases may be guilty of forgery in the execution of documents made and purporting to be made by him. In 3 Bacon's Abridgment, 277, the law is stated clearly and concisely thus: "The notion of forgery doth not so much consist in the counterfeiting of a man's hand and seal, which may often be done innocently, but in endeavoring to give an appearance of truth to a mere deceit and falsity; and either to impose that upon the world as the solemn act of another, which he is no way privy to, or at least to make a man's own act to appear to have been done when it was not done, and by force of such a falsity to give it an operation which in truth and justice it ought not to have." And the case under this principle cited in all of the authorities is where a person, having conveyed land to another, afterwards makes another deed to another person, but fraudulently makes it prior in date to the first—this is held to be forgery.

That is not this case; and in such case proper averment would have to be made to show the false making.

Our conclusions are that the indictment (in both counts) was fatally defective, and that the motion to arrest the judgment should have been granted. The judgment must be reversed and the defendant discharged from further prosecution under the indictment.

*Berry & Cash*, for plaintiff in error.

*Hiram M. Rulison* and *Thomas H. Darby*, for the state.